UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN RENE ONTIVEROS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ET AL.,<br><br>Defendant. | No. 1:19-CV-01651-LJO-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO AMEND; AND<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A THIRD AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS SECOND AMENDED COMPLAINT, SUBJECT TO THIS COURT ISSUING FINDINGS AND RECOMMENDATIONS TO A DISTRICT JUDGE CONSISTENT WITH THIS ORDER<br><br>THIRTY DAY DEADLINE<br><br>(ECF Nos. 7, 8, 11, 12) |

### I. BACKGROUND

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff originally filed this suit on April 22, 2019. (ECF No. 1.)

1

Plaintiff then filed a motion to amend his complaint, along with a first amended complaint on May 17, 2019. (ECF Nos. 7 & 8.) Plaintiff then filed another motion to amend, as well as a second amended complaint, on May 31, 2019. (ECF Nos. 11 & 12.)

On November 22, 2019, this case was transferred from the Sacramento Division of the Eastern District of California to the Fresno Division of the Eastern District of California. (ECF No. 24.)

For the reasons discussed herein, the court will grant Plaintiff's motions for leave to amend (ECF Nos. 7 & 11.) and treats the second amended complaint as the operative complaint.

Finally, upon screening Plaintiff's second amended complaint, the Court finds that it fails to state a claim against any of the named Defendants. Plaintiff may file a third amended complaint based on the legal standards in this order if he believes that additional facts would state additional claims. If Plaintiff files a third amended complaint, the court will screen that complaint in due course. Alternatively, Plaintiff may file a statement with the court that he wishes to stand on the Second Amended Complaint, and have it reviewed by a district judge, in which case the court will issue findings and recommendations to a district judge consistent with this order.

## II.     MOTIONS TO AMEND (ECF Nos. 7 & 11)

Before the Court could screen Plaintiff's complaint filed on April 22, 2019, Plaintiff filed a motion to amend along with a first amended complaint. See (ECF Nos. 7 & 8.)  In the same month, Plaintiff filed another motion to amend his complaint along with a second amended complaint.  (ECF Nos. 11 & 12.)  Since the motions to amend were filed close in time to one another and before service was ordered or a responsive pleading was filed, the court will construe Plaintiff's motions to amend as a single attempt to amend his complaint.  See Fed. R. Civ. P. 15(a)(1) (amending as a matter of course).  So construed, Plaintiff's motions to amend will be granted and the court will deem the second amended complaint filed on May 31, 2019, as the operative pleading before the Court. See (ECF No. 12.)

## III.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**IV.     ALLEGATIONS IN THE COMPLAINT**

In his second amended complaint, Plaintiff alleges that while an inmate at California State Prison-Corcoran he was denied access to the law library and paging service every week between October 3, 2018 and January 1, 2019. (ECF No. 12 at 5-11.) Access to the law library was necessary in order to work on state habeas corpus petitions as well as various state and federal civil actions. Id. Plaintiff alleges that such denial of access violated his rights under the First,

3

Fifth, and Fourteenth Amendments to the Federal Constitution as well as various provisions of the California Constitution and state regulations. Id. By way of relief, Plaintiff seeks compensatory as well as punitive damages. Id. at 12.

**V.    SECTION 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d

4

1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

"Local governing bodies… can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where… the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690 (footnote omitted).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible." Connick v. Thompson, 563 U.S. 51, 60–61 (2011) (internal citations and quotations omitted) (alteration in original).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own

culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

### VI.   LEGAL STANDARDS FOR ACCESS TO COURTS CLAIMS

Here, Plaintiff claims that Defendants violated his right of access to the courts. Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002); see also Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. Lewis, 518 U.S. at 351-53; Silva, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348; see also Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge").

In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. Harbury, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." Id. at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

In the Ninth Circuit, a prisoner alleging that he was denied his constitutional right of access to the courts due to inadequate access to library facilities must show two things: (1) he

must demonstrate that his ability to access the library was so limited that it was unreasonable; and (2) he must establish that this limited access caused him actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir.1994.) A prisoner establishes actual injury by showing he was actually denied access to the courts. Id. (citing Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989)). "[T]he underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Christopher v. Harbury, 536 U.S. 403, 416, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513–15, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)).

**VII.    ANALYSIS**

In his second amended complaint, Plaintiff has named the California Department of Corrections and Rehabilitation as one of the defendants. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit.

Further, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, the CDCR, as an arm of the State of California, is not amenable to suit under section 1983. Accordingly, Plaintiff's claims against the CDCR must be dismissed.

The only remaining defendants identified in the second amended complaint are John Does #1-5, at least some of whom appear to be supervisory officials.[1] Although using a placeholder such as "John Doe" is an acceptable practice when the identity of a Defendant is unknown, Plaintiff does not link any of the John Does to any specific constitutional violations asserted in the second amended complaint. Because section 1983 requires the Plaintiff to allege a link between the named defendant's actions and the alleged deprivation, Plaintiff's Second Amended

---

[1] Plaintiff states that John Doe #1 is the Director of the CDCR, that John Doe #2 is the Warden of California State Prison, Corcoran, that John Doe #3 is the Associate Warden of California State Prison, Corcoran, that John Doe #4 is an Associate Warden of California State Prison, Corcoran, and that John Doe #5 is a Law Library Official at California State Prison, Corcoran.

Complaint fails to state a claim against any named Defendant. See Paul v. Guzman, 2006 WL 1748332 at *1 (E.D. Cal. June 23, 2006) (noting that section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff") (citations omitted). "In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights." Garcia v. Yates, 2011 WL 3684488 at *3 (E.D. Cal. Aug. 23, 2011) (finding no cognizable claims where the plaintiff asserted that "[t]he Defendants and each and every one of them, in their acts, have violated Plaintiff's Eighth Amendment rights…" without providing factual detail as to how each defendant was involved in violating his rights).

Moreover, Plaintiff's allegations face substantive hurdles as well. Plaintiff states that he is working on "administrative appeals," "federal and state civil actions," and a California habeas action, but the Constitution's guarantee of access to the Court only extends to the prisoner's filing of direct criminal appeals, habeas petitions, and civil rights actions. See Lewis, 518 U.S. at 354. Even if Plaintiff did allege that the lack of access to the court claim was related to protected type of case, he does not specifically allege how Defendants prevented him from filing a case or otherwise hindered his ability to litigate. Finally, Plaintiff's access to the courts claim also fails because he does not allege facts sufficient for the Court to find that he lost a "nonfrivolous" underlying claim. Plaintiff states only that he was "been working on California Habeas Corpus Case #HSC-11286-SCS-2-64969; state and federal civil actions; and research relative to administrative appeals that would lead to civil actions…" This does not allow the Court to find that any of the alleged claims he lost were "nonfrivolous" or "arguable." Harbury, 536 U.S. at 413-14.

The Court will, however, grant leave to file an amended complaint with the benefit of the standards detailed above. If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, Plaintiff must allege how each named Defendant is involved. Again, if Plaintiff does not know

8

the actual identity of a Defendant, he may use the place holder "John Doe" to describe them. But he must specifically allege the role each Defendant played in the alleged deprivation of his constitutional rights because there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Alternatively, Plaintiff may choose to stand on this compliant, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

**VIII. CONCLUSION AND ORDERS**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to amend his complaint (ECF Nos. 7, 11) are granted.
2. Plaintiff is granted thirty days from the date of service of this order to either:
   a. File a third amended complaint which the court will screen in due course; or
   b. Notify the court in writing that he wishes to stand on his second amended complaint and have it reviewed by a district judge; in which case the court will issue findings and recommendations to the District Judge consistent with this screening order.

9

3. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:19-cv-01651-LJO-EPG; and

4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: __**January 10, 2020**__  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE