**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HERMAN RENE ONTIVEROS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and M. PORTER<br><br>Defendants. | No. 1:19-CV-01651-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THE THIRD AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM AND FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR FAILURE TO PROSECUTE AND TO COMPLY WITH A COURT ORDER<br><br>OBJECTIONS, IF ANY, DUE WITHIN 21 DAYS<br><br>(ECF No. 40) |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff originally filed this suit on April 22, 2019. (ECF No. 1.) On January 13, 2020, the Court screened Plaintiff's second amended complaint, found that Plaintiff failed to state any claims, and granted leave to file a third amended complaint. (ECF No. 28). Plaintiff filed the third amended complaint on July 2, 2020. (ECF No. 40).

For the reasons described below, the Court recommends that the federal claims be dismissed with prejudice for Plaintiff's failure to state a claim and that the state claims be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff may file objections to these findings and recommendations within twenty-one days from the date of service of this

order.

## I.  PROCEDURAL BACKGROUND

The Court entered findings and recommendations on July 8, 2020, recommending that Plaintiff's third amended complaint be dismissed for failure to state a claim and for lack of subject-matter jurisdiction. (ECF No. 41). Plaintiff sought a 45-day extension of time to object to the findings and recommendations, which the Court granted. (ECF Nos. 42, 43). Plaintiff then sought leave to file a fourth amended complaint on September 21, 2020. (ECF No. 44). Plaintiff indicated he understood his pleading failures and would be able to correct them with an amended complaint. The Court granted Plaintiff's motion and vacated its earlier findings and recommendations on September 23, 2020. (ECF No. 45).

On November 4, 2020, Plaintiff sought an extension of time to file his fourth amended complaint. (ECF No. 46). The Court granted it on November 12, 2020. (ECF No. 48). When the Court's order was returned as undeliverable, the Court entered a sua sponte order extending the amount of time Plaintiff had to file his amended complaint to January 4, 2021. (ECF No. 49).

Plaintiff has not, as yet, filed a fourth amended complaint.

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 25), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

2

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

### III.  ALLEGATIONS IN THE COMPLAINT

In his third amended complaint, Plaintiff alleges that while an inmate at California State Prison-Corcoran he was denied access to the law library and paging service every week between October 3, 2018 and January 1, 2019. (ECF No. 40 at 6-11).

Using the internal prison mail system, Plaintiff requested that the law librarian, Defendant M. Porter, grant Plaintiff with physical access to the law library and various materials. However, Defendant Porter denied Plaintiff such access. As a result, Plaintiff's California writ of habeas corpus case "was destroyed as I couldn't effectively prosecut[e] it." (*Id.* at 7). This "destroyed [Plaintiff's] chance to benefit from said writ." (*Id.* at 9). Plaintiff alleges this denial of access violated his federal and state constitutional rights and various state regulations. (*Id.* at 6-10).

### IV.  ANALYSIS OF PLAINTIFF'S CLAIMS

#### A.  First Amendment Right of Access to Courts

Here, Plaintiff claims that Defendants violated his right of access to the courts. He alleges that this denial "thereby destroy[ed his] ability to prosecute the California writ of habeas corpus (criminal) case # HSC-11286-SCS-2-64969, which destroyed my chance to benefit from said

1 writ." (ECF No. 40 at 9).[1]

2 Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference").

An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). Plaintiff need not show that he would have been successful on the merits of his claims, but only that they were not frivolous. *Allen v. Sakai*, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Ninth Circuit has emphasized that "[a] prisoner need not show, ex post, that he would have been successful on the merits had his claim been considered. To hold otherwise would permit prison officials to substitute their judgment for the courts' and to interfere with a prisoner's right to court access on the chance that the prisoner's claim would eventually be deemed frivolous." *Allen*, 48 F.3d at 1091 (footnote omitted).

The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Harbury,* 536 U.S. at 417. Hence, "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Harbury*, 536 U.S. at 416 (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S.

---

[1] He repeated this allegation several times. (*See, e.g., id.* at 7) ("My constitutional rights to meaningful access to the courts were violated by Defendants and my California writ of Habeas Corpus case # HSC-11286-SCS-2-64969 was destroyed as I couldn't effectively prosecuting it.").

506, 513–15 (2002)). Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Here, Plaintiff has alleged that he was not able to access the law library for seven of eight weeks in 2018 and his writ of habeas corpus was "destroyed." Plaintiff has failed to show that the limited access caused him actual injury.

First, it is not clear his writ of habeas corpus case is non-frivolous. As the Court informed Plaintiff when screening his second amended complaint, "[t]he underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." (ECF No. 28 at 7) (quoting *Harbury*, 536 U.S. at 416). Plaintiff provided no such allegations.[2] Without allegations about the habeas case, there is no way to tell whether the "destroyed" case is non-frivolous—or even what the case was about.

Moreover, Plaintiff has not described how losing access to the library "destroyed" his habeas case. That conclusory allegation was insufficiently specific. Plaintiff did not explain how his case was destroyed.  If he meant that a copy of his petition was destroyed, he did not explain why he could not write a new petition or ask for additional time from the court.  Plaintiff also does not describe why his case was dismissed in a way that would permit the Court to determine that the dismissal was related to the destruction of his petition. Without those types of allegations, Plaintiff has failed to sufficiently plead that he was damaged due to his lack of access to the courts under the legal standards set forth above.

Accordingly, Plaintiff has not stated a federal claim.

**B.     State Law Claims**

Plaintiff alleges that the denial of access to the court violated the California state constitution and 15 C.C.R. § 3122 *et seq.* These claims arise under California law.

1.     <u>State Law Claims Brought Under Section 1983</u>

Section 1983 does not provide a cause of action for violations of state law. *See Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there

---

[2] Plaintiff alleged his California writ of habeas corpus case number was "# HSC-11286-SCS-2-64969," but the Court could not locate such a case.

must be a deprivation of *federal* constitutional or statutory rights. *See Paul v. Davis*, 424 U.S. 693 (1976); *also see Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995); *Gonzaga University v. Doe*, 536 U.S. 273, 279 (2002). Therefore, the Court finds that Plaintiff has not stated a claim thereunder.

2.  Supplemental Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Article III, § 2, of the Constitution delineates [t]he character of the controversies over which federal judicial authority may extend. And lower federal-court jurisdiction is further limited to those subjects encompassed within a statutory grant of jurisdiction. Accordingly, the district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (alteration in original) (citations and internal quotation marks omitted).

"In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that aris[e] under federal law and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties. These jurisdictional grants are known as federal-question jurisdiction and diversity jurisdiction, respectively. Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which to vindicate federal rights, whereas diversity jurisdiction provides a neutral forum for parties from different States." *Home Depot*, 139 S. Ct. at 1746 (alteration in original) (citations and internal quotation marks omitted).

Additionally, "[e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts [] have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C § 1367(a).

///

6

Subsection (c) of that statute permits district courts to decline supplemental jurisdiction in certain situations:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C § 1367(c)(1)-(4).

"The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity." *Snell v. Deutsche Bank Nat. Tr. Co.*, 2015 WL 1440295, at *6 (E.D. Cal., Mar. 27, 2015) (citing *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*)).

Here, the Court has found that Plaintiff has failed to state any federal claims. Thus, it recommends denying exercising supplemental jurisdiction on any potential remaining claims, 28 U.S.C. § 1367(c)(3), and dismissing these claims for lack of subject-matter jurisdiction.

**C.      Failure to Prosecute and to Comply with Court Order**

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the

public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan*, 291 at 639. Despite numerous extensions of time, including a sua sponte extension, Plaintiff has failed to file a fourth amended complaint. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration and *in forma pauperis* status, monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal with prejudice with respect to Plaintiff's federal claims is appropriate. As the Court lacks subject-matter jurisdiction over Plaintiff's state-law claims, the Court finds dismissal without prejudice is appropriate for them.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state a cognizable claim and that Plaintiff failed to prosecute and to comply with a court order. In its earlier screening order, the Court found Plaintiff failed to state a claim and provided legal standards for the federal cause of action. Because Plaintiff still failed to state a federal claim, the Court recommends dismissing the federal claims with prejudice.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiff's federal law claim under section 1983 be DISMISSED, WITH

>    PREJUDICE, for failure to state a claim upon which relief may be granted, failure to prosecute, and failure to comply with a court order;
> 2. Plaintiff's state law claims be DISMISSED, WITHOUT PREJUDICE, for lack of subject-matter jurisdiction; and
> 3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 14, 2021**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

9